## WHITE v. WHITE.

A libel for divorce should contain allegations of every fact, the existence of which is made necessary by the statute, in order to the granting of the divorce.

The admissions of the libellee are not held to be sufficient evidence alone to prove the charge of adultery in a libel for divorce.

SARGENT, J.    This is a libel for divorce filed October 15, 1863, in which the libellant Lyman H. White, alleges that the libellee, Sarah Elizabeth White, his wife, deserted his bed and board in the year 1856, and has since refused to live with him.    He also alleges that the libellee, on divers days and times between January 1859 and January 1861, committed the crime of adultery with one C. J., at G. in said county.    Wherefore, the libellant prays for a divorce.

This libel must be dismissed for the following reasons:

1st. There was no revenue stamp on the original libel when filed and when the order of notice was issued.    This is a fatal objection, unless

amended. But there is at this term a motion for leave to amend by affixing the proper stamp, and cancelling the same as required by law. But it becomes unnecessary to consider this motion.

2nd. There is no allegation in the libel that the libellee abandoned the libellant, *without sufficient cause*, or that she *willingly* absented herself from him. It is impossible to tell from the form of this libel, whether the charge intended to be made was one of abandonment without sufficient cause, under chap. 148, sec. 3, Rev. Stat., (Comp. S. 377,) or one of willing absence under Laws of 1854, chap. 1530, sec. 1. But in either case the allegation is insufficient.

3d. It is not alleged that she left without the consent of the libellant, which both the statutes above referred to require.

4th. There is no allegation that the libellant was an innocent party, that he had been faithful in keeping his marriage vows, or in performing his marital duties. This should be alleged, as it is only in favor of an innocent party, that a divorce is to be decreed by either of the statutes above cited.

These defects are all fatal unless amended. But when we look further and examine the testimony, there is still further trouble.

5th. Notice was given to the libellee of the taking of depositions upon a certain day. But the testimony offered all appears to have been taken upon a different day, so that none of the testimony is admissible. But upon looking into it we find that,

6th. The evidence does not sustain the charge of abandonment without sufficient cause, or of willingly absenting herself from the libellant; and,

7th. That the adultery is only attempted to be proved by the confession of the libellee, made to the libellant, and testified to by him alone.

This is entirely insufficient. Where adultery is charged as a cause for divorce, it must be proved by something more than the admissions of the libellee. In order to close the door effectually against collusion between the parties it has always been held necessary that the charge be proved by other evidence than the simple admission of the party. But in this case there would be a double reason why the evidence should be held insufficient. The proof is not from a disinterested witness, that the party has ever made such admission, but the only evidence of any admission of guilt comes from the libellant, who stands in such a position to this case that his statements need corroboration.

8th. The revenue stamp affixed to the certificate accompanying the town clerk's affidavit concerning the marriage of the parties, is not cancelled, as it should be in order to comply with the provisions of the law.

9th. The evidence shows that the libellant had probably been as guilty as his wife. In his deposition he says that during the summer of 1863, after he returned from the army, his wife was living at her father's in Moultonborough, and sent for him to come and see her, which he did. And that she said "she did not see why we could not live together again. I told her that I did; that I did not think she had done right, or I. She said she could overlook all I had done. I told her I could not, all

she had done." But he does not tell us whether it was because he considered her more guilty than himself, or because he was less forgiving than she.

*Libel dismissed.*

*Emerson,* for libellant.